(Supreme Court, Special Term, New York County. January, 1898.)

1. CORPORATIONS—ACTION BY STOCKHOLDER—INJUNCTION.

In a suit for an injunction by a minority stockholder in defendant company for the benefit of another company, in which plaintiff was a stockholder, to restrain defendant from selling mining property to a corporation whose bid was $50,000 less than that of plaintiff's company, where there was no evidence that the one purchaser would be more desirable than the other, the relief should be granted, since the interest of plaintiff in prosecuting the suit is not adverse to that of the defendant company.

2. SAME—REQUESTING DIRECTORS TO SUE.

The objection that the directors of defendant corporation, of which plaintiff was a minority stockholder, had not been requested to bring the suit in controversy, is not well taken where all the directors were adverse to plaintiff, and the request would have been an idle formality.

Suit for injunction by Lewisohn Bros., etc., against the Anaconda Copper-Mining Company and others to restrain defendant company from consummating a sale. Motion to restrain the sale pending the suit granted.

Guggenheimer, Untermyer & Marshall, for plaintiff.

Alexander & Green, for defendants.

DALY, J. The Anaconda Copper-Mining Company is the owner of two claims or parcels of mining property in Montana called the "Snowbird" and the "Sullivan," which are substantially of no value to it, but which, on account of their situation with respect to two other concerns, the Montana Ore-Purchasing Company and the Boston & Montana Mining Company, are eagerly sought for by them. It is practically of no consequence to the Anaconda Company which of these concerns becomes the purchaser of the properties, since they are not rivals nor competitors of the Anaconda Company, but of each other; and in fact the properties were originally offered informally to the Boston Company, and declined, before an offer for them at a considerable price was made on behalf of the Montana Company. When that offer was made the Boston Company apparently became anxious to acquire them, and plaintiff has made in its interest (as defendant charges, and plaintiff does not deny) a much larger offer, which was not accepted. The trustees of the Anaconda Company having called a meeting of the stockholders to vote upon the proposed sale to the Montana Company, this action is brought by a minority stockholder to restrain the holders of over three-fourths of the stock from voting at such meeting, and to restrain the company from consummating such sale, or from selling said properties except at public auction.

It is first objected by the defendants that this suit is not prosecuted in good faith, because the plaintiff is a stockholder in the Boston Company, and is its selling agent, and brings the action in the interest of that company, and not to protect the plaintiff's interest in the Anaconda Company. The conceded interest which plaintiff has in one of the concerns which is competing for the purchase of the properties in question is not ground for refusing the relief asked. That interest is not adverse to the defendant company, but the opposite is the fact, for it offers to pay the highest price in open competition for the property which the defendant company is disposed to sell. The motive of plaintiff in bringing the action is immaterial, as it will not result to the prejudice of the defendant. Rice v. Rockefeller, 134 N. Y. 174–184, 31 N. E. 907. The plaintiff is not sailing under false colors, nor coming into equity under pretense of aiding the company, while really in an interest inimical to it. Forrest v. Railroad Co., 4 De Gex, F. & J. 126. It favors one of the competing concerns, it is true, but the directors of the defendant company and the majority of the stockholders favor the other. That fact, however, is no ground for imputing bad faith to any of the parties. The president and trustees of the Anaconda Company have negotiated with Mr. Heintze on behalf of the Montana Company in good faith, and, having brought the purchaser to their terms, have called a meeting of the stockholders to authorize the sale. Naturally they are favorably inclined to their customer, to whom, in fact, the president has promised his support; and nothing in his or their action presents a fair subject of criticism. On the other hand, plaintiff cannot be charged with bad faith when, perceiving the disadvantage to another legitimate interest which would result from this sale, it is able to make a larger offer, and avails itself of its right as a stockholder to insist that the property of the company, which owes its accidental value to the rivalry of competing companies, shall be disposed of so as to give each an equal chance to acquire it, and to give the selling company the benefit of the competition.

It is further objected by the defendants that this action is an attempt by a minority stockholder to interfere with the discretion of the trustees in a matter of business policy and management, but where is there room for discretion in the matter of this sale of the properties in question? If it appeared that it were more advantageous in any way to sell to one bidder rather than the other, the court might decline to interfere. Gamble v. Water Co., 123 N. Y. 91, 25 N. E. 201. But there is no evidence that the Boston Company would be less desirable as a purchaser than its competitor. Corporations, as well as individuals, may be allowed a choice of neighbors; but the isolation of these properties from the lands worked by the Anaconda Company and their contiguity to the lands worked by the other concerns exclude any such ground of choice on the part of the Anaconda Company. The fact that the properties were offered to the Boston Company originally shows that there is no ground for preferring another purchaser at a less sum. So far as appears, such preference would damage the defendant corporation by at least the difference between the present offers, namely, $50,000.

without any advantage, however slight, to set off against that loss. Nor does the obligation, if any, on the part of the president and trustees, growing out of the negotiations they have already had with the Montana Company, furnish a ground for declining judicial inquiry into the propriety of the contemplated sale. The prospective purchaser well knew that the question had to be submitted to a vote of the stockholders, and that there was no obligation until that was had, and that until that time the trustees were bound to entertain a more advantageous offer. The objection that the directors have not been requested to bring this action does not appear to be well taken, in view of their attitude towards the plaintiff's formal request to them to reconsider their resolution, by which they accepted, so far as they were authorized so to do, the proposition reported by the president. Clearly, it would be an idle formality to request them to seek to enjoin themselves, or to take legal measures to restrain the stockholders from doing what they have called them together to effectuate.

The chief objections to the motion are thus briefly noted, and I do not see any good reason for withholding the relief asked upon this motion, viz. that, pending the action, the consummation of the proposed sale to the Montana Company at a price much inferior to that offered by the plaintiff should be restrained. The plaintiff will be required, of course, to deposit the amount of its offer as security for any loss which may be sustained by the defendant the Anaconda Company by reason of the injunction, and to protect that company in the event of a sale to the plaintiff or at public auction being finally ordered by the court. The Central Trust Company is not restrained otherwise than its co-defendants are enjoined during the pendency of the action. The order may be settled upon notice.

---

(27. App. Div. 31.)